IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHENG INTERNATIONAL CO. LTD.,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>PRINCE AMERICAS, LLC, WAITT BRANDS, LLC, C3 BRANDS, LLC; DANA BRADFORD, EKTELON RACQUETS, LLC; and PRINCE GLOBAL SPORTS LLC, LLC;<br><br>　　　　　　　Defendants. | 8:20CV124<br><br>ORDER |

　　　　This matter is before the Court on the Motion to Compel (Filing No. 88) filed by Plaintiff, Sheng International Co. Ltd.  Sheng seeks a court order compelling Defendants to produce documents responsive to Sheng's first set of discovery requests for production 7-15, to fully answer Sheng's first set of interrogatories 2 and 3, and to comply with the Court's previous discovery orders.  Plaintiff also seeks an order compelling non-party Bradford Family Holdings, LLC, to respond to a Rule 45 subpoena duces tecum.  The Court will grant the motion.

　　　　Sheng filed this action on March 30, 2020, alleging it was not paid for merchandise it manufactured for the defendants, Prince Global Sports, LLC ("Prince Global"), Prince Americas, LLC ("Prince Americas"), and Ektelon Racquets, LLC ("Ektelon Racquets") (collectively, the "Prince Licensees").  The Prince Licensees sold Prince- and Ektelon-branded merchandise under a license from a non-party, Authentic Brands Group, LLC ("ABG").  Sheng alleges Prince Global[1] is the corporate parent of Prince Americas and Ektelon Racquets.[2]  (Filing No. 10).  The Prince Licensees were subsidiaries of Defendant, Waitt Brands, LLC ("Waitt Brands"), which is now doing business as C3 Brands, LLC ("C3 Brands").  Sheng alleges Defendant, Dana Bradford, is the controlling member and manager of all three Prince licensees, was the controlling member and manager of Waitt Brands, and is the chairman and chief executive officer of C3 Brands.

---

[1] According to Mr. Bradford's declaration, the sole member of Price Global is Competitive Sports Holding Co. ("Competitive Sports").  (Filing No. 95-1).

[2] Defendants deny Prince Global is the corporate parent of Ektelon Racquets.  (Filing No. 40 at p. 3).

In March 2016, the Prince Licensees and Waitt Brands agreed to terminate their licenses with ABG in exchange for over $13 million, the terms of which were memorialized in an Inventory Purchase Agreement ("IPA") and Transition Services Agreement ("TSA"). Mr. Bradford signed the agreements on behalf of the Prince Licensees and Waitt Brands. These agreements required the Prince Licensees to use their accounts receivable to pay outstanding debts to third parties. Sheng alleges that instead of paying debts, including over $350,000 owed to Sheng, Mr. Bradford diverted the funds from the Prince Licensees' accounts receivable to his or his various entities for their own personal benefits. (Filing No. 10 at p. 2). The entities began winding down after this transaction.

An independent auditor, PKF O'Connor Davies ("PKF O'Connor"), conducted a 2016 audit of Prince Global. Per the redacted report provided by the defendants, PKF O'Connor reported that "all of the proceeds" from Prince Global's March 2016 transaction with ABG went to "secured and unsecured creditors." (Filing No. 95-1 at p. 25). Sheng asserts the PFK O'Connor documents are insufficient because they still do not disclose the identity of those creditors. (Filing No. 96 at p. 4).

According to Sheng, it learned that in November 2016—shortly after the Prince Licensees wound down—Mr. Bradford was involved in forming a new entity, C3 Holding Company, LLC ("C3 Holding"), which is the sole member of C3 Brands. C3 Holding was capitalized with at least $4.7 from another Bradford-controlled entity, Bradford Family Holdings, LLC ("Bradford Family Holdings"). Bradford Holdings was also a member of Waitt Brands. Sheng has filed a motion to amend its amended complaint to add C3 Holding and Bradford Family Holdings as defendants and add additional factual allegations relevant to its veil piercing claim. (Filing No. 70).

The instant discovery dispute concerns Sheng's quest to obtain documents it asserts will trace the "flow of money" from the March 2016 transaction and answer the "basic questions" of "who received the accounts receivable" collected by the Prince Licensees; how C3 Brands and C3 Holding were capitalized; and what the relationship is between C3 Brands, C3 Holding Company, and Waitt Brands. (Filing No. 89 at p. 2; Filing No. 96 at p. 1). The Court held telephonic discovery dispute conferences with counsel on April 8, 2021, and June 21, 2021, regarding the issues raised in Sheng's motion. (Filing No. 53; Filing No. 74). After the June conference, Defendants produced Mr. Bradford's 2016 and 2017 tax returns and his

supplemental declaration as ordered by the court during the June call. (Filing No. 90-1 at p. 4; Filing No. 95-1). Sheng also received documents from PKF O'Connor pursuant to a Rule 45 subpoena. Sheng asserts this additional document production showed the previously undisclosed information that C3 Brands, at the time of its formation, was a subsidiary of Waitt Brands, and its ownership was subsequently transferred to C3 Holding. However, Sheng maintains these documents do not include information responsive to Sheng's requests for financial data for Prince Global, Prince Americas, Ektelon Racquets, and Waitt Brands. (RFPs 7, 8, 9, 10, 11, and 13). After that production, the parties again met and conferred, wherein Sheng told Defendants Mr. Bradford's supplemental declaration was insufficient and requested additional production of documents consistent with the Court's ruling made on the record during the June telephone conference. Sheng now asks the Court to "put an end to Defendants' gamesmanship" and moves for an order compelling Defendants to produce documents and information regarding the bank accounts and financial records of Prince Licensees, C3 Brands, and Waitt Brands, or to supplement their discovery responses to state they do not possess responsive documents or information.

Defendants assert Sheng already possesses documents containing the information it seeks. Specifically, Defendants state they have produced the Audited Consolidated Financial Statements of Prince Global and Subsidiaries, which Defendants maintain establish that all the proceeds of the March 2016 transaction went to secured and unsecured creditors, and that PKF O'Connor has produced over 4,000 pages of documents related to their audit of Prince Global and its subsidiaries that fill in the gaps. (Filing No. 94 at pp. 4-5, 9). Defendants also assert they have produced all the relevant agreements from the March 2016 transaction, among other documents. Defendants further state they are not in possession of bank account statements related to the Prince brand and the accounts receivable at issue because ABG, through an affiliate, "took control of the bank accounts related to the Prince brand" and "of certain financial information related to the Prince Brand." (Filing No. 94 at p. 8). Additionally, in responding to this motion to compel, Mr. Bradford authored a Declaration dated August 17, 2021, wherein he states "None of the proceeds of the March 2016 Transaction were deposited into any bank accounts held by or on behalf of Prince Global Sports, LLC, Competitive Sports Holding Company, Ektelon Racquets, LLC, Waitt Brands, LLC, Bradford Family Holdings, Waitt

3

Capital, Norm Waitt, C3 Brands, LLC or Dana Bradford, nor did any of these entities or individuals receive any proceeds from the sale in any way."[3] (Filing No. 95-1 at p. 4).

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts must examine each case individually to determine the weight and importance of the proportionality factors, and the burden of demonstrating the proportionality of the requested information is a collective responsibility between the parties and the court. See *Doe v. Bd. of Trustees of Nebraska State Colleges*, No. 8:17CV265, 2018 WL 4190056, at *1 (D. Neb. Aug. 31, 2018). "Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." *Met-Pro Corp. v. Indus. Air Tech., Corp.*, No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009).

**Discovery Regarding Proceeds from the March 2016 Transaction (RFPs 7-11, 13; Interrogatories 2, 3)**

Sheng maintains these interrogatories and RFPs seek discovery related to the March 2016 transaction and resulting flow of money:

- Interrogatory 2 asks Prince Global to identify all its secured and unsecured creditors at the time of the transaction, including (i) the amount owed by Prince Global to the creditor; (ii) whether the debt was secured or unsecured; (iii) the date the debt was incurred; and (iv) the amount of proceeds, if any, that were paid to each such creditor as a result of the Transaction.

- Interrogatory 3 asks Prince Global to identify all of the unsecured creditors to which Prince Global applied its accounts receivable after the transaction, including (i) the date the debt was incurred; (ii) the total amount of the balance of the debt at the time of the Transaction; (iii) the date Prince Global applied its accounts receivable to the creditor; (iv) the amount of account receivable applied.

Defendants objected that the interrogatories are overbroad and not proportional to the needs of this case, but do not elaborate upon their objections. (Filing No. 90-1 at pp. 27-28).

---

[3] However, C3 Holding was not included in this list.

4

These interrogatories are not facially overbroad, and Sheng has adequately explained why this information is relevant to its claims. A party resisting a motion to compel "has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper" and also "has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." *Online Res. Corp. v. Joao Bock Transaction Sys., LLC*, No. 8:13CV231, 2014 WL 5173118, at *4 (D. Neb. Oct. 14, 2014)(Thalken, M.J.)(citing *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000); *Wagner v. Dryvit Sys.*, Inc., 208 F.R.D. 606, 610 (D. Neb. 2001)). Therefore, the Court will order Defendants to fully answer these Interrogatories. See Fed. R. Civ. P. 33(b) and (d).

Similarly, Defendants objected to the following RFPs as overbroad and not proportional to the needs of the case, as well as being unduly burdensome and vague. (Filing No. 90-1 at pp. 22-24):

- RFP 7 requests documents concerning the IPA and TSA, including the Prince Licensees' and Waitt Brands' use of their accounts receivables to pay their accounts payables in accordance with the IPA and TSA.
- RFP 8 requests documents concerning the consideration paid to the Prince Licensees or Waitt Brands pursuant to the IPA and TSA, including the amount and the individuals or financial accounts to which such consideration was paid.
- RFP 9 requests documents concerning ABG's secured and unsecured Balance, including documents regarding Prince Global's decision to extinguish ABG's Unsecured Balance over other unsecured balances.
- RFP 10 requests documents concerning Prince Global's accounts receivable, including the amounts of the accounts and application of the accounts to both the secured balance owed to United Bank of Missouri and balance due unsecured creditors.
- RFP 11 requests documents concerning the write-off of prepaid expenses and other current assets identified on p.12, note 3 of the Consolidated Financial Statements.
- RFP 13 requests documents concerning financial and account records for the Prince Licensees, Waitt Brands, and C3 Brands including financial statements, profit and loss statements, balance sheets, capital accounts, and original books of entry for receipt of income and disbursements for expenses.

For the reasons stated in Sheng's Reply Brief (Filing No. 96), the Court will order Defendants to supplement their responses to each of these RFPs, which generally seek documents relevant to Sheng's claims and to identify the creditors paid instead of Sheng. Although Defendants have produced a great number of documents during discovery, Sheng has adequately explained what is missing from the production and the relevance of those documents

to this case. Defendants are ordered to supplement their document production for each of these RFPS, including but not limited to complete tax returns and financial statements for C3 Holding Company for 2016-17. If no such documents or information exist, which Defendants state in their brief is the case for certain categories of documents, Defendants shall supplement their discovery responses to state that they do not possess responsive documents or information. See Fed. R. Civ. P. 34.

### Discovery Regarding Relationship Between Waitt Brands and C3 Brands (RFP 12)

During the April 8, 2021, telephone conference, the Court ordered (1) Defendants to produce operating agreements of Prince Global Sports, Prince Americas, Ektelon Racquets, Waitt Brands, and C3 Brands, as requested in RFP 12, and (2) for the parties to confer on what discovery could be produced to clarify the relationship between C3 Brands and Waitt Brands. (Filing No. 54). Sheng asserts that documents produced by PKF O'Connor show that Waitt Brands owned C3 Brands until sometime in 2016, when ownership was transferred to C3 Holding pursuant to a "Membership Interest Purchase Agreement." Defendants did not produce the C3 Brands operating agreement identifying Waitt Brands as a member or the Membership Interest Purchase Agreement, but instead produced a C3 Brands operating agreement, effective January 1, 2017, identifying C3 Holding Company as C3 Brands' sole member. As Sheng points out, the corporate structure of the Defendant entities at the time of the March 2016 transaction through 2016 and through the rest of 2016 is relevant to its claims in this case and has not yet been produced. Accordingly, the Court will order Defendants to produce all documents responsive to this RFP, including (1) all iterations of C3 Brands' operating agreement from its inception through January 1, 2017, and (2) the Membership Interest Purchase Agreement.

### Mr. Bradford's Personal Bank Records (RFP 15; Interrogatory 7)

Sheng's RFP 15 and Interrogatory 7 seek information about Mr. Bradford's personal bank records in order to substantiate its allegations that Mr. Bradford diverted funds for his own benefit that should have been used to pay Sheng. During the first discovery dispute telephone conference, the Court ordered Mr. Bradford to produce personal bank records concerning any funds he received as a result of the March 2016 transaction or, if no such records exist, to provide a declaration so stating. (Filing No. 54). Mr. Bradford produced a declaration, but

during the June 2021 discovery conference, Sheng explained why it believed the declaration was insufficient. Thereafter, the Court ordered Mr. Bradford to amend his declaration, but if Sheng identified further deficiencies, Defendants were to produce the requested documents. (Filing No. 75; Filing No. 76). Sheng asserts Mr. Bradford's supplemental declaration is still insufficient primarily because "it does not address whether Mr. Bradford received any funds to his personal accounts through C3 Brands," which was part of the same corporate structure as the Prince Licensees. At this time, the Court agrees that Sheng should be permitted to test the assertions Mr. Bradford makes in his declarations and will order Defendants to supplement their answer to Interrogatory 7 and produce documents responsive to RFP 15, which includes Mr. Bradford's personal bank records reflecting any receipt of funds after the March 2016 transaction that originated from Prince Americas, Ektelon Racquets, Prince Global Sports, Waitt Brands, or C3 Brands. If no such documents or information exists, Defendants shall supplement their discovery responses to state that they do not possess responsive documents or information.

**Mr. Bradford's Personal Tax Returns (RFP 14)**

Sheng's RFP 14 seeks Mr. Bradford's personal tax returns from 2015, 2016, 2017, 2018, and 2019, which Sheng asserts is relevant to its allegations that Mr. Bradford diverted funds that should have been used to pay Sheng for his own personal benefit. Consistent with the Court's direction during the telephone conference, Defendants produced Mr. Bradford's 2016 and 2017 tax returns (with certain redactions). After reviewing those returns, Sheng requested that Defendants (1) produce Mr. Bradford's 2015 tax returns with respect to income Mr. Bradford earned from Waitt Brands and (2) disclose the amount of money Mr. Bradford received in 2017 from C3 Holding Company and Bradford Family Holdings, which amounts are currently redacted. The 2015 information is relevant to provide context for Mr. Bradford's 2016 and 2017 returns, which show that Mr. Bradford received significantly more income from Waitt Brands in 2016 than in 2017. Sheng states Defendants agreed to provide this information but have not done so. Sheng maintains the 2017 information is also relevant because C3 Holding Company and Bradford Family Holding are direct or indirect corporate parents of C3 Brands, and income Mr. Bradford received from those entities in 2017 is relevant to determine whether money flowed from C3 Brands, through Bradford Family Holding and/or C3 Holding Company, to Mr. Bradford. The Court agrees. Accordingly, the Court will order Defendants to produce

7

documents responsive to RFP 14, including (1) Mr. Bradford's 2015 tax returns with respect to income he earned from Waitt Brands and (2) disclose any 2017 income from C3 Holding Company and Bradford Family Holding.

### Subpoena to Bradford Family Holdings

During discovery, non-party Bradford Family Holdings was identified as a corporate parent of non-party C3 Holding Company, which is the parent of Defendant C3 Brands. The Court granted Sheng leave to serve Rule 45 subpoenas for documents on Bradford Family Holdings, PKF O'Connor, and Authentic Brands Group. See Filing No. 58; Filing No. 75. Sheng provided notice of the subpoena to Defendants in accordance with NECivR 45.1, and after receiving no objections, served the subpoena. Defense counsel agreed to accept service of the subpoena on behalf of Bradford Family Holdings. The subpoena had a deadline to produce documents of June 21, 2021. (Filing No. 90-1 at p. 55). Rule 45 requires objections to a subpoena to be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Bradford Family Holdings did not serve objections to the subpoena or produce any documents.

The subpoena to Bradford Family Holdings is not overbroad. It requests production of the operating agreement of Bradford Family Holdings, documents in its possession concerning the formation of C3 Brands and/or C3 Holding Company, documents concerning the windup and dissolution of Waitt Brands and its subsidiaries, and financial and account records for Bradford Family Holdings, including financial statements, profit and loss statements, balance sheets, capital accounts, and original books of entry for receipt of income and disbursements of expenses for 2016 and 2017. (Filing No. 90-1 at p. 54). In Defendants' brief they state, "(1) Bradford Family Holdings does not have any bank accounts, (2) Bradford Family Holdings did not receive any funds from the March 2016 transaction, nor did it receive any income from PGS related to the Prince brand and (3) C3 Holding LLC's K-1 to Bradford Family Holding has revealed a loss, rather than any profit." (Filing No. 94 at pp. 10-11). The Court will order Bradford Family Holdings to produce all documents responsive to the subpoena. If no such documents or information exists, the response shall state it does not possess responsive documents or information. Upon consideration,

**IT IS ORDERED**: Plaintiff's Motion to Compel (Filing No. 88) is granted. Defendants shall supplement their answers to interrogatories and responses to requests for production of documents consistent with this Order on or before **November 12, 2021**.

Dated this 21st day of October, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge