IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHENG INTERNATIONAL CO. LTD., <br><br> Plaintiff, <br><br> vs. <br><br> PRINCE AMERICAS, LLC, WAITT BRANDS, LLC, C3 BRANDS, LLC; DANA BRADFORD, EKTELON RACQUETS, LLC; and PRINCE GLOBAL SPORTS LLC, LLC; <br><br> Defendants. | 8:20-CV-124 <br><br><br> **MEMORANDUM AND ORDER** |

## I. INTRODUCTION

Sheng International Co. Ltd., ("Sheng") has sued Defendants for breach of contract based on several purchase orders, breach of contract as a third-party beneficiary of two other contracts, and unjust enrichment. Filing 10 at 9–11. Sheng also seeks to hold Defendants jointly and severally liable under a "piercing-the-corporate-veil" theory. Filing 10 at 11. Before the Court is Sheng's Amended Motion for Leave to File a Second Amended Complaint and to Amend Case Progression Order, in which Sheng seeks to change the alleged time for which payment was due for one of the purchase orders; add two defendants and factual allegations related to those two defendants; and add factual allegations related to its piercing-the-corporate-veil theory. Filing 102. For the reasons stated herein, the Court grants Sheng's motion.

1

## II. BACKGROUND

The Court incorporates by reference the more thorough recitation of the facts of this case its previous order. Filing 98. The facts relevant to the current motion are as follows:

Sheng International Co. Ltd. ("Sheng"), a Taiwanese corporation, brought this suit against Defendants for their alleged failure to pay for several purchase orders. Filing 10 at 2, 5. Sheng shipped the requested merchandise no later than February 26, 2016, to Defendants pursuant to seventeen purchase orders. Filing 63-2 at 4–7. Sheng alleges in its Amended Complaint that the purchase orders required Defendants to pay Sheng within thirty days after shipment. Filing 10 at 5; Filing 63-1 at 18-33. However, one of the seventeen purchase orders filed in this case, purchase order 101056, appears to require payment ninety days after shipment. Filing 63-1 at 34. According to Defendants, nonparty ABG, a successor to the Prince business, ordered merchandise pursuant purchase order 101056. Filing 105 at 8; Filing 106-1 at 2–3. Sheng claims that it has not received any payments from Defendants. Filing 10 at 5.

Sheng sued Defendants on March 30, 2020. Filing 1. On June 2, 2021, Defendants filed a Motion for Partial Summary Judgment as to Counts I and IV of Sheng's Amended Complaint, arguing that the statute of limitations barred Sheng's breach-of-contract claim under Count I and any attempt to hold Defendants jointly and severally liable by piercing the corporate veil in Count IV. Filing 59; Filing 60 at 13–15. The Court, in its October 22, 2021, Memorandum and Order, granted Defendants' Motion because Sheng's suit was filed outside the four-year statute-of-limitations period for bringing breach-of-contract-for-sale actions under Nebraska law. Filing 98 at 6–9. The fact that Sheng had alleged that all purchase orders required payment within thirty days after shipment was important to the Court's decision. Moreover, the Court found that despite purchase order 101056 seemingly requiring payment ninety days after shipment—which would

make suit on that purchase order timely—the statements Sheng made in its Amended Complaint bound it under Eighth Circuit precedent. Filing 98 at 10–12.

However, in that same order, the Court noted that pending before it was Sheng's Motion for Leave to File a Second Amended Complaint and Amend Case Progression Order. Filing 70; Filing 98 at 11. After explaining that it intended to grant that motion, which sought leave to add additional parties and allegations related to Sheng's piercing-the-corporate-veil theory, the Court granted Sheng leave to supplement its Motion for Leave to File a Second Amended Complaint and Amend Case Progression Order to request that it be permitted to amend its pleadings to say payment was due within ninety days on purchase order 101056. Filing 98 at 12. On October 29, 2021, Sheng filed an Amended Motion for Leave to File a Second Amended Complaint and to Amend Case Progression Order. Filing 102.

### III. ANALYSIS

#### A. Standard of Review

There are two procedural rules at play in Sheng's Amended Motion for Leave to File a Second Amended Complaint and to Amend Case Progression Order. First, Federal Rule of Civil Procedure Rule 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a) further states that "[t]he court should freely grant [such] leave when justice so requires." *Id.* This standard is construed liberally but "plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). A district court may appropriately deny the movant leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks and citations omitted). When a defendant alleges that amendment is futile, the Court considers if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). Accordingly, this Court asks "whether the proposed amended complaint states a cause of action under the *Twombly* pleading standard outlined above." *Id.* at 850-51.

Second, Federal Rule of Civil Procedure Rule 16(b) guides the district court on how to issue and modify pretrial scheduling orders and provides that "[e]xcept in categories of actions exempted by local rule, the . . . judge . . . must issue a scheduling order." Fed. R. Civ. P. 16(b)(1). The order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). Additionally, Rule 16(d) states that a pretrial scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).

"The interplay between Rule 15(a) and 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). When a motion for leave to amend is filed outside the district court's scheduling order, the moving "party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (emphasis added). Showing "good cause" is more demanding than the standard in Rule 15. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (stating that "[a]s regards case management orders, . . . the Federal Rules set a less forgiving standard" than the liberal construction given to requests to amend as a matter of course). As another court within the circuit aptly put it, "Rule 16 opens the

door to Rule 15" with respect to motions to amend brought outside the scheduling order deadline. *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Min. 2019). That is, Rule 16(b)'s "good cause" analysis is meant to determine whether the scheduling order should be modified; the Rule 15(a) analysis then "resolves whether the complaint can be amended." *Id.* (emphasis in original). Only after the movant has shown good cause to modify the scheduling order under Rule 16(b) may the court consider whether the amendment is permitted under Rule 15(a). *See Sherman*, 532 F.3d at 716 (citing with approval cases which first required a good-cause showing before proceeding to consider whether an amendment is proper under Rule 15(a)). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Id.* at 716-17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

Here, the Court issued its scheduling order on December 10, 2020, which set a deadline for amendment of the pleadings of January 25, 2021. Filing 44 at 1. Sheng filed its motion seeking leave to amend the complaint on June 15, 2021. Filing 70. Thus, Sheng must show both good cause for the late amendment under Rule 16 and that such amendment would not be futile under Rule 15.

### B. Sheng's Motion to Amend to Add New Parties and Factual Allegations

In the previous iteration of its motion, Sheng sought leave to file a second amended complaint to add C3 Holding Company, LLC, and Bradford Family Holdings, LLC, as defendants; add factual allegations related to those two defendants; and add factual allegations related to Sheng's piercing-the-corporate-veil theory. Filing 70 at 3–4. In its prior Memorandum and Order, the Court noted that it intended to grant Sheng leave to add the two defendants and the additional factual allegations. Filing 98 at 21. For the reasons stated in its prior Memorandum and Order,

Filing 98 at 14–21, the Court grants Sheng leave to file a second amended complaint to add the two defendants and the additional factual allegations.

### C. Sheng's Motion to Amend to Add the Factual Allegation that Payment Was Due on Purchase Order 101056 in Ninety Days

Sheng argues that it has shown good cause to amend the case progression order so that it may add the allegation that payment was due on purchase order 101056 within ninety days after shipment. According to Sheng, it has consistently held throughout litigation that payment was not due within thirty days on the purchase orders, and Defendants have never disputed that purchase order 101056 had payment due in ninety days. Filing 103 at 4–5. Sheng further contends that the Court should find good cause to amend when, without amendment, an entire claim is doomed to fail. Filing 103 at 1–2. Without the amendment, the statute of limitations bars Sheng's breach-of-contract claim on purchase order 101056. Defendants argue that Sheng has not acted diligently in seeking amendment. Filing 105 at 3–9.

The Court has "broad discretion in establishing and enforcing [scheduling order] deadlines." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). While "[t]he primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements . . . prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008). "Further, other courts, such as the Fifth Circuit, recognize additional factors in assessing good cause under Rule 16." *Portz v. St. Cloud State Univ.*, No. CV 16-1115 (JRT/LIB), 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017) (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) ("In determining good cause, we consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the

6

amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." (internal quotation marks and citation omitted)). While the Court does not rely on the Fifth Circuit's factors, it notes that the second factor, "the importance of the amendment," weighs heavily in Sheng's favor.

Defendants have not argued that they would be prejudiced by Sheng amending its complaint. See *Advance Tr. & Life Escrow Servs.*, No. 18CV02863DWFECW, 2020 WL 5229677, at *6 (D. Minn. Sept. 2, 2020) (finding no prejudice where nonmovant did not argue it was prejudiced by amending the scheduling order). The Court agrees that there is little, if any, prejudice to Defendants in allowing Sheng to amend its pleadings. Examples of prejudice include "requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (quoting *Steir v. Girl Scouts of the U.S.A.*, 383 F.3d 7, 12 (1st Cir. 2004)). In this case, there is no allegation from Defendants that allowing Sheng to add to its complaint that payment on purchase order 101056 was due in ninety days would reopen discovery or postpone trial. Moreover, Defendants will not need to make a major alteration in their trial tactics and strategy. Defendants have already sought and received an order of dismissal as to claims involving sixteen of the seventeen purchase orders pursuant to a statute-of-limitations defense. They also contend that they do not owe payment on purchase order 101056 because a different entity, nonparty ABG, ordered the merchandise, meaning that the statute of limitations is not their only defense to Sheng's breach-of-contract claim. Filing 105 at 8; Filing 106-1 at 2–3. Finally, Sheng has consistently taken the position that payment on purchase order 101056 was not due within thirty days, and Defendants acknowledge that purchase order 101056 on its face appears to require payment within ninety days. Filing 63-2 at 4; Filing 78 at 14–16; Filing 82 at 17.

In addition to showing good cause by the fact that Defendants will not be prejudiced by it amending its complaint, Sheng has shown sufficient diligence in seeking leave to amend. Sheng sought leave to amend less than five months after the scheduling order's deadline, which is less than other circumstances where the Eighth Circuit has shown a lack of diligence. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (finding lack of diligence when motion to amend came over two years after the scheduling order's deadline); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (finding lack of diligence when motion to amend was filed more than seventeen moths after the scheduling order's deadline). The Court notes that Sheng has approached the edge of when the Court will find good cause to amend. However, in this limited circumstance, where Sheng seeks only to add one allegation, Defendants have not contested the fact that purchase order 101056 appears to require payment in ninety days, the Court has already granted leave to amend the complaint to add other allegations, there is a lack of prejudice, and due to the fact that not a significant amount of time has elapsed since the scheduling order's deadline, the Court will grant Sheng leave to amend its complaint to allege that payment was not due on purchase order 101056 until ninety days after shipment.[1]

## IV. CONCLUSION

Based on its October 22, 2021, Memorandum and Order, the Court finds that Sheng has shown good cause for leave to amend its amended complaint to add C3 Holding Company, LLC, and Bradford Family Holdings, LLC, as defendants; to add factual allegations related to those two defendants; and to add factual allegations related to Sheng's piercing-the-corporate-veil theory.

---

[1] Defendants do not argue that amendment would be futile, and given the fact that purchase order 101056 will survive a statute-of-limitations defense, the Court finds that Sheng satisfies the standard to amend its pleadings under Rule 15. Even if there has been some delay in amending the complaint, "[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). Here, the Court finds no prejudice to Defendants in allowing Sheng to amend its complaint.

Moreover, the Court concludes that Sheng has shown good cause to amend the case progression order so that it may file a second amended complaint which alleges that payment was due on purchase order 101056 within ninety days after shipment. Accordingly,

IT IS ORDERED:

1. Sheng's Amended Motion for Leave to File a Second Amended Complaint and to Amend Case Progression Order, Filing 102, is granted.

Dated this 19th day of November, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge